6 N.J. Super. 170 (1950)
70 A.2d 782
MARIE B. WARREN, PLAINTIFF-APPELLANT,
v.
536 BROAD STREET CORPORATION, A CORPORATION OF NEW JERSEY, VINCENT BELFATTO, INDIVIDUALLY AND AS EXECUTOR OF THE LAST WILLS AND TESTAMENTS OF FRED M. BARNET AND RACHEL BARNET, GLADYS BELFATTO, HERBERT E. GOLDBERG AND SIMON ACKERMAN CLOTHES, INC., A CORPORATION OF NEW YORK, DEFENDANTS-COUNTERCLAIMANTS-RESPONDENTS, AND JOHN WARREN, INDIVIDUALLY AND AS TRUSTEE FOR MARIE B. WARREN, VALCO MORTGAGE COMPANY, INC., PERCY G. BRITT AND EDWARD MAXSON, DEFENDANTS ON COUNTERCLAIM.
Superior Court of New Jersey, Appellate Division.
Argued January 3, 1950.
Decided January 13, 1950.
*171 Before Judges JACOBS, DONGES and BIGELOW.
Mr. John Warren argued the cause for plaintiff-appellant.
Mr. Raymond J. Lamb argued the cause for defendants-respondents (Messrs. Markley & Broadhurst, attorneys).
Mr. Percy G. Britt, cross-action defendant-appellant, attorney pro se.
The opinion of the court was delivered by DONGES, J.A.D.
This is an appeal from a judgment of the Superior Court, Chancery Division.
Plaintiff, a minority shareholder of the defendant 536 Broad Street Corporation, complains of a proposed special meeting of the company's stockholders and of the action contemplated to be taken thereat. The special meeting was called for the purpose of considering and acting upon a resolution, the object of which is to amend the corporate charter so as to delete therefrom Article Seventh which reads as follows:
*172 "Seventh: No real estate owned by the corporation may be leased, mortgaged, sold, or exchanged, unless the Board of Directors shall, at a properly called meeting, adopt a resolution authorizing the officers to make such sale, lease, mortgage, or exchange of the real estate of the corporation, and unless and until such resolution of the Board of Directors receives the approval in writing of the holders of not less than seventy-five per cent (75%) of the stock of the company issued and outstanding at the time such resolution is adopted."
The proposed meeting was never held, due to a restraining order allowed by the court pending the trial of the action.
At the conclusion of the trial Judge Stein, who sat below, rendered a judgment in favor of defendants and filed a written opinion, wherein he holds that it is lawful for the proposed amendment to the charter to be adopted provided the proper statutory procedure is followed. His opinion is reported in 4 N.J. Super. 584.
The main question presented for our determination is whether the charter of 536 Broad Street Corporation may be amended so as to delete Article Seventh, if such amendment is accomplished in a manner consonant with the General Corporation Act.
Plaintiff contends that every corporate charter is a binding contract between the corporation and its stockholders and by the stockholders inter sese. That proposition of law is well settled and is amply supported by the decisions of our State. However, it must also be remembered that the law existing at the time the charter is granted is as much a part of that charter as though that law were fully and explicitly stated in the charter, and every stockholder is presumed to have purchased his stock subject to the charter as so expanded. General Investment Co. v. Amer. Hide & Leather Co., 97 N.J. Eq. 214 (Ch. 1925); affirmed, 98 N.J. Eq. 326 (E. & A. 1925).
The 536 Broad Street Corporation was incorporated under the provisions of the General Corporation Act of New Jersey, P.L. 1896, c. 185, as amended and supplemented, down to February 2, 1927. Section 27 of the said General Corporation Act as amended and supplemented by P.L. 1926, c. 318, § 7, *173 p. 535 (which act is presently found in R.S. 14:11-1 and 2) provides in part as follows:
"Every corporation organized under this act may change the nature of its business * * * alter or amend existing provisions for the regulation of the management and affairs of the corporation and make such other amendment, change or alteration as may be desired, in manner following: The board of directors shall pass a resolution declaring that such amendment, change or alteration is advisable and calling a meeting of the stockholders to take action thereon. The meeting shall be held upon such notice as the by-laws provide, and in the absence of such provision, upon ten days notice, given personally or by mail; if two-thirds in interest of each class of the stockholders having voting powers shall vote in favor of such amendment, change or alteration, the corporation shall make a certificate thereof under its seal and the hands of its president or vice-president and its secretary or assistant secretary, which certificate shall be acknowledged or proved as in the case of deeds of real estate and such certificate shall be filed in the office of the Secretary of State, and upon the filing of the same, the certificate of incorporation shall be deemed to be amended accordingly."
Section 5 of the said General Corporation Act specifically provides that the Act and all its amendments shall be part of the charter of every corporation formed thereunder.
These provisions of the General Corporation Act, which is part of the charter of the 536 Broad Street Corporation, are broad enough to permit the amendment contemplated, provided, the required number of votes are secured and the proper procedure followed.
Article Seventh of the charter must be interpreted as being the procedure to be adopted unless and until such provision is changed by an amendment passed in pursuance of the General Corporation Act.
We have considered the other questions raised by appellants, and find them to be without merit.
The judgment under review is affirmed.